## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EUROPLASMA, S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-CV-01089 HHK |
| | ) | |
| SOLENA GROUP, INC.. | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S STATEMENT OF MATERIAL
### FACTS WHICH ARE GENUINELY IN DISPUTE

Defendant, Solena Group, Inc. ("Solena"), by its undersigned counsel, and pursuant to

Local Rule 7(h), respectfully submits this statement of material facts which it contends are

genuinely in dispute.  Solena asserts that almost all of the facts identified in Plaintiff

Europlasma, S.A.'s ("Europlasma") statement of facts allegedly not in dispute are not material to

the issues before the Court in the parties' competing motions.  In fact, most of the facts identified

by Europlasma are not even relevant to the issues before the Court.  Regardless, Solena responds

to Europlasma's allegedly undisputed facts as follows.[1]

1.    Solena does not dispute Europlasma's identification of the parties (Plaintiff's

Statement of Material Facts Not In Dispute ("Plaintiff's Statement"), ¶¶1-2).  These

representation are not, however, material to the issues before the Court.

2.    Solena does not dispute Europlasma's statement with respect to Solena's initial

purchase from Europlasma of a plasma torch (Plaintiff's Statement, ¶¶3-6).  These

representations are not, however, material to the issues before the Court.

---

[1] Solena's responses to Europlasma's statement of undisputed material facts is based on the information available at
this time and may be supplemented, altered or amended as discovery progresses and more information becomes
available.

3.    Solena does not dispute that it executed a note for €394,517 on September 14, 2007 ("Note") (Plaintiff's Statement, ¶7).  However, Solena asserts that the Note is subject to the mandatory ADR provision in the Master Teaming Agreement ("Agreement") Solena and Europlasma entered into on approximately May 29, 2007.

4.    Solena does not dispute that the Note provides that it shall be governed by Delaware law and that it provides for recovery of *reasonable* attorneys' fees (Plaintiff's Statement ¶ 8).  However, Solena asserts that the Note is subject to the mandatory ADR provision of the Agreement Solena and Europlasma entered into on approximately May 29, 2007.  Moreover, even though the Note is interpreted by Delaware substantive law, the determination of what constitutes "reasonable" attorneys' fees is a procedural issue determined according to precedent from this jurisdiction.

5.    Solena does not dispute that it has not yet paid the outstanding balance of the Note (Plaintiff's Statement, ¶ 9).  However, Solena is in the process of securing financing which will enable Solena to pay Europlasma the outstanding balance, plus interest.  Solena has attempted to negotiate a forbearance agreement with Europlasma but has not been successful.  Accordingly, this disputes is subject to the mandatory ADR provision in the Agreement Solena and Europlasma entered into on approximately May 29, 2007.

6.    Solena does not dispute that the amount due under the Note is €394,517 plus interest (Plaintiff's Statement, ¶ 10).  However, Solena is in the process of securing financing which will enable Solena to pay Europlasma the outstanding balance, plus interest.  Solena has attempted to negotiate a forbearance agreement with Europlasma but has not been successful.  Accordingly, this disputes is subject to the mandatory ADR provision in the Agreement Solena and Europlasma entered into on approximately May 29, 2007.

7.      Solena does not dispute that Europlasma and Solena exchanged e-mails and correspondence and have engaged in negotiations aimed at resolving this dispute.  Solena also does not dispute that these negotiations have not yet been successful (Plaintiff's Statement, ¶¶ 11-15).

8.      Solena does not dispute that Europlasma filed this lawsuit on June 24, 2008 (Plaintiff's Statement, ¶ 16).  Solena disputes Europlasma's allegation that it has *reasonably* incurred $40,198.35 in attorneys' fees and costs.  Solena has moved for discovery pursuant to Rule 56(f) on this and other issues.

9.      Solena does not dispute that Europlasma and Solena signed the Agreement on May 29, 2007 and that the purpose of the agreement is to enable them to work together to develop and implement projects employing Solena and Europlasma technology on a worldwide basis (Plaintiff's Statement, ¶ 17)

10.      Solena does not dispute that the term of the Agreement is three years (Plaintiff's Statement, ¶ 18).  However, this is not material to the issues before the Court.

11.      Solena does not dispute that the Agreement states that "[n]either party shall have authority to bind the other except to the extent authorized" by the Agreement (Plaintiff's Statement, ¶ 19).  However, the express language of the Agreement, the February 14, 2008 e-mail from Europlasma to Solena (Exhibit B to Joanne Zimolzak's Affidavit) and Solena's March 13, 2008 letter to Europlasma (Exhibit C to Joanne Zimolzak's Affidavit) establish that this dispute arises out of or relates to the Agreement and, therefore, the parties agreed to be bound by the mandatory ADR provision.

DC1 30237114.1 / 55420-000002

12.     Solena does not dispute that Europlasma's has reproduced Section 1.2.1 and Section 1.2.2 of the Agreement (Plaintiff's Statement, ¶¶ 20-21). Solena also does not dispute that these provisions describe *some*, but not all, of the parties' obligations under the Agreement.

13.     Solena does not dispute that, pursuant to the Agreement, Europlasma is Solena's preferred provider of torch systems, that Europlasma provides Solena with discount pricing and that the Agreement includes a projection of the number of types of torches that Solena expects to purchase from Europlasma through 2009 (Plaintiff's Statement, ¶¶ 22-24). In any case, the express language of the Agreement, the February 14, 2008 e-mail from Europlasma to Solena (Exhibit B to Joanne Zimolzak's Affidavit) and Solena's March 13, 2008 letter to Europlasma (Exhibit C to Joanne Zimolzak's Affidavit) establish that the dispute currently before the Court arises out of or relates to the Agreement and, therefore, the parties agreed to be bound by the mandatory ADR provision.

14.     Solena does not dispute that Europlasma has reproduced Paragraph 6 of the Agreement and that the ADR procedure applies to disputes arising out of or relating to the Agreement (Plaintiff's Statement, ¶ 25). Indeed, the express language of the Agreement, the February 14, 2008 e-mail from Europlasma to Solena (Exhibit B to Joanne Zimolzak's Affidavit) and Solena's March 13, 2008 letter to Europlasma (Exhibit C to Joanne Zimolzak's Affidavit) establish that this dispute arises out of or relates to the Agreement and, therefore, the parties agreed to be bound by the mandatory ADR provision.

15.     Solena does not dispute that Europlasma has reproduced Paragraph 10.1 of the Agreement (Plaintiff's Statement, ¶ 26). However, this provision is neither relevant nor material to the issues before the Court.

4

5

16.     Solena does not dispute that Europlasma has reproduced Paragraph 11.1 of the

Agreement (Plaintiff's Statement, ¶ 27).  However, this provision is neither relevant nor

material to the issues before the Court.

Respectfully submitted,

SOLENA GROUP, INC.

By:   ___/s/James M. Mesnard_____
        Stanley S. Jutkowitz, DC Bar No. 252676
        James M. Mesnard. D.C. Bar No. 404835
        SEYFARTH SHAW LLP
        815 Connecticut Avenue, N.W., Suite 500
        Washington, DC  20006-4004
        Telephone:  (202) 463-2400
        Facsimile:  (202) 641-9233
        jmesnard@seyfarth.com

Its Attorney

Dated:  August 26, 2008

DC1 30237114.1 / 55420-000002

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Statement of Material Facts Which Are

Genuinely In Dispute was served via ECF this 26th day of August, 2008, upon the following:

Joanne L. Zimolzak, Esq.
Frank M. Rapoport, Esq.
Mckenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC  20006

        /s/ James M. Mesnard
        James Mesnard