UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUROPLASMA, S.A.

Plaintiff,

v.                                          Civil Action 08-01089  (HHK)

SOLENA GROUP, INC.

Defendant.

MEMORANDUM OPINION

Plaintiff Europlasma S.A. ("Europlasma") brings this action to enforce the terms of a

promissory note requiring Defendant Solena Group, Inc. ("Solena") to pay Europlasma the

principal amount of €394,517, plus interest at an annual rate of 4%, in consideration for

equipment that Solena purchased and received from Europlasma.  Before the court is Solena's

motion to dismiss or, in the alternative, to stay and compel arbitration [##6, 7] and Europlasma's

motion for summary judgment [#9].  Upon consideration of the motions, the oppositions thereto,

and the arguments of counsel at a hearing, the court concludes that Solena's motion to dismiss

should be denied and Europlasma's summary judgment motion should be granted.

I.    BACKGROUND

A.    Promissory Note

On or about October 3, 2006, Solena ordered a plasma torch from Europlasma and paid

the shipping costs and part of the purchase price.  On September 14, 2007, the parties executed

an unsecured promissory note ("Note") for the balance of  €394,517 remaining on the torch

purchase, plus interest at an annual rate of 4%.  Compl. ¶¶ 6-7; Compl. Exh. 1 ("Note").  The

Note provides that if Solena fails to meet its obligations under the Note, Europlasma is entitled to

recover all costs, including reasonable attorney's fees, incurred in collecting or attempting to

collect on the note, "whether or not a lawsuit is commenced."  Note at 1.  Solena did not make

the required payment on the Note by its due date of January 10, 2008.

**B.      Master Teaming Agreement**

On May 29, 2007, after the torch purchase and before the execution of the Note, the

parties entered into the Master Teaming Agreement ("Agreement").  Mot. to Dismiss at 2 & Exh.

2 ("Master Teaming Agreement").  Among other things, the Agreement states that "Solena

commits to treat Europlasma as its Preferred Provider of torch systems, and as such, Solena

commits to purchase all of the plasma torch systems from Europlasma for Solena Projects

utilizing Solena Technology from the date of this agreement."  Agreement ¶ 1.2.1.  In

consideration for Europlasma serving as Solena's exclusive source, Europlasma agreed to

provide Solena with discount pricing for the purchase of multiple torch systems.  *Id.* ¶ 1.2.2.  The

parties agreed that the Agreement would have a term of three years "from the date first above

written, which term may be renewed or extended by the parties."  *Id.* ¶ 5.1.

The Agreement includes an alternative dispute resolution clause that reads:

> 6.2      If [sic] the event of a controversy, claim or dispute arising out of or relating to this
> Agreement, the representatives of the Parties shall meet and confer in good faith
> negotiations with the object of reaching mutual agreement and a settlement.  If the
> Parties' representatives are unable to agree, such representatives shall promptly
> commence discussion with respect to resolving the dispute through non-binding
> alternative dispute resolution ("ADR") procedures fashioned by the representative
> themselves or with the assistance of persons or organizations experienced in ADR
> procedures such as the International Chamber of Commerce.

> 6.3    Any controversy, claim or dispute arising out of or relating to this Agreement, or the breach thereof, that the Parties can not [sic] amicably resolve under the procedures in Article 6.2., shall be settled by arbitration administered by the International Chamber of Commerce under its Commercial Arbitration Rules using an arbitrator that both Parties consent to in writing, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.  The place of arbitration shall be London, England and the arbitrator shall determine the matters in dispute in accordance with Applicable Law.  The parties agree that the award of the arbitrator shall be binding and shall be the sole and exclusive remedy among them regarding claims, counterclaims, issues or accountings presented to the arbitrator.

*Id.* ¶¶ 6.2, 6.3.

Finally, the Agreement contains an integration clause, specifying that "[t]his Agreement constitutes the entire agreement between the Parties, relating to the subject matter hereof, and supersedes any previous agreements or understandings between them, whether oral or written." *Id.* ¶ 10.1.

## II.    ANALYSIS

**A.    Because The Note Is Unambiguous, The Court Will Not Consider Extrinsic Evidence**

Europlasma's complaint raises a single claim: breach of promissory note.  Solena moves to dismiss Europlasma's complaint on the grounds that the dispute over the Note is subject to the Master Teaming Agreement's mandatory arbitration clause.  Europlasma responds that the Note contains no arbitration provision and because it is unambiguous on its face, the court should not consider any extrinsic evidence, such as the Master Teaming Agreement.  The court agrees with Europlasma.

In relevant part, the Note states that Solena promises to pay Europlasma the sum of €394,517, plus interest on the unpaid principal at the annual rate of 4% from the date of the Note, September 14, 2007.  The Note provides that the unpaid principal and accrued interest shall be

payable in full on January 10, 2008.  The Note could not be clearer and is unambiguous.  *See*

*Rhone-Poulenc Basic Chems. Co. v. American Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del.

1992) ("[A] contract is ambiguous only when the provisions in controversy are reasonably or

fairly susceptible of different interpretations or may have two or more different meanings.").[1]

Under well-settled principles of contract law, "[u]nambiguous written agreements should be

enforced according to their terms, without using extrinsic evidence 'to interpret the intent of the

parties, to vary the terms of the contract or to create an ambiguity.'"  *MBIA Ins. Corp. v. Royal*

*Indem. Co.,* 426 F.3d 204, 210 (3rd Cir. 2005) (*quoting Eagle Indus. v. DeVilbiss Health Care*,

702 A.2d 1228, 1232 (Del. 1997)); *Capital Mgmt. Co. v. Brown*, 813 A.2d 1094, 1097 (Del. 2002)

("If a contract is unambiguous, extrinsic evidence may not be used to interpret the intent of the

parties, to vary the terms of the contract or to create ambiguity.").  Solena argues that the Master

Teaming Agreement requires arbitration of the dispute over non-payment of the Note.  Because

the Note is unambiguous, however, the court will not consider evidence *de hors* the Note,

including the Master Teaming Agreement.

**B.     Were The Court To Consider the Agreement, It Would Find That The Dispute Is Not
        Subject to Arbitration.**

Even if the court were to consider the Agreement, it would find the Agreement's

arbitration provision does not "arise out of or relate to the Agreement" ¶ 6.2, and therefore does

not require arbitration of the dispute regarding non-payment of the Note.[2]

---

[1]  Delaware law applies because both the Note and the Agreement specify that they should be governed and construed in accordance with Delaware law.  Note at 1; Agreement ¶ 6.1.

[2]  The Supreme Court of Delaware has set forth the analysis a court should undertake when determining whether the claim before it is subject to arbitration.  *Parfi Holding AB v. Mirror Image Internet, Inc.*, 817 A.2d 149, 155 (Del. 2002).  First, the court must "determine

When a contract contains a broad arbitration clause, as here,[3] to determine whether the

dispute at issue is subject to arbitration, the court must ask whether the claim at issue would be

assertable even if the contract containing the arbitration clause did not exist. *Parfi Holding AB*,

817 A.2d at 155.  Where the purportedly arbitrable claim "would be independently and separately

assertable" even if the arbitration clause contract did not exist, the claim is not "in connection

with" the contract containing the arbitration clause. *Id.*

Under this analysis, the court finds that Europlasma's claim based on Solena's non-

payment of the Note would exist even in the absence of the Agreement.  The purpose of the

Agreement was to establish Europlasma as Solena's exclusive torch provider and to guarantee

Solena discounting pricing in consideration for that exclusive arrangement.  The Agreement

creates no rights or obligations necessary for Europlasma's claim for breach of a promissory note.

Indeed, no provision in the Agreement creates an obligation upon which Europlasma could base a

claim of breach of a promissory note.  In contrast, the Note alone provides a basis for

---

whether the arbitration clause is broad or narrow in scope," then "apply the relevant scope of the
provision to the asserted legal claim to determine whether the claim falls within the scope of the
contractual provisions that require arbitration." *Id.*  If the arbitration clause is narrow, the court
"will ask if the cause of action pursued in court directly relates to a right in the contract."  On the
other hand, if the clause is broad, "the court will defer to arbitration on any issues that touch on
contract rights or contract performance." *Id.*

   [3]  Under Delaware law, the Agreement's arbitration clause — calling for arbitration of "a
controversy, claim or dispute arising out of or relating to this Agreement" — is broad. *Detroit
Med. Ctr. v. Provider Healthnet Servs.*, 269 F. Supp. 2d 487, 492 (D. Del. 2003) ("Courts that
have considered similar language in arbitration clauses have found that the 'arising out of or
relating to this Agreement' language is indicative of a broad arbitration provision.") (citing
cases).

Europlasma's claim.  Accordingly, even were the court to consider the Agreement, it would

conclude that Europlasma's claim is not subject to arbitration.[4]

**C.      Europlasma Is Entitled to Summary Judgment, As Well As Attorneys' Fees and
          Costs.**

Solena does not dispute that the Note contains no arbitration clause, that the Note

obligated Solena to pay Europlasma by January 10, 2008, and that Solena has failed to do so.

Because there is no genuine dispute of material fact, the court finds that Europlasma is entitled to

summary judgment.

The Note provides that if it is not paid when due, Solena is "obligated to pay all costs

of collection, including reasonable attorney fees, whether or not a lawsuit is commenced."  Note at 1.

Europlasma initially requested attorneys' fees in the amount of $39,461.00 and costs of $737.35,

totaling $40,198.35.  In response to Solena's objections to this amount as unreasonable,

Europlasma enumerated potential reductions of its claim to a total of $27,705.85 in fees and costs.

---

[4] The following factors also lead the court to conclude that the Agreement's arbitration
clause does not require arbitration of the present dispute: (a) the Agreement's prospective
language, coupled with the fact that the October 2006 purchase had already been completed when
the Agreement was signed in May 2007; (b) the Agreement's lack of reference to the October
2006 purchase even though the Agreement was signed in May 2007; (c) the Note's lack of
reference to the Agreement even though the Note was signed in September 2007; (d) the
difference between the torch model that was the subject of the October 2006 purchase and those
covered by the Agreement; (e) the Note's provision that if the obligation is not paid when due,
Solena is "obligated to pay all costs of collection, including reasonable attorney fees, *whether or
not a lawsuit is commenced*;" Note at 1 (emphasis added); and (f) the separate consideration
supporting the Note and the Agreement.

Supplemental Affidavit of Joanne L. Zimolzak.[5]  [#18]  The court finds that the reduced amount is

reasonable, and that Europlasma is therefore entitled to $27,705.85 in attorneys' fees and costs.

### III.   CONCLUSION

For the foregoing reasons, Solena's motion to dismiss, or in the alternative, to stay and to

compel arbitration [##6, 7] is **DENIED** and Europlasma's cross-motion for summary judgment is

**GRANTED** [#9].  An appropriate order accompanies this memorandum opinion.


Henry H. Kennedy, Jr.
United States District Judge

---

[5]  At the oral argument on December 17, 2008, the court ordered Europlasma to submit an affidavit to address Solena's argument that the amount of fees Europlasma claimed were unreasonable.